MERRITT, Circuit Judge,
concurring in part and dissenting in part.
I concur with the majority’s decision to affirm Kenneth Valentine’s sentence, but I would vacate Johnny Valentine’s sentence and remand for further fact-finding regarding the scope of his agreement to participate in the underlying conspiracy because the record does not contain a sufficiently “particularized” finding of the scope of his agreement.
In the context of sentencing liability in conspiracy cases, “the scope of conduct for which a defendant can be held accountable under the sentencing guidelines is significantly narrower than the conduct em *241 braced by the law of conspiracy.” United States v. Orlando, 281 F.3d 586, 600 (6th Cir. 2002). To hold a defendant accountable under the Sentencing Guidelines for a co-conspirator’s independent acts, this court requires the sentencing court to make two separate and “particularized” findings: First, that the co-conspirator’s acts were within the scope of the defendant’s agreement. Second, that those acts were foreseeable to the defendant. United States v. Campbell, 279 F.3d 392, 399-400 (6th Cir. 2002). Those findings should be accompanied by a statement on the record of the evidence and reasons supporting the district court’s conclusions. See Orlando, 281 F.3d at 601. The clear import of our precedents is that defendants may not be sentenced on the basis of “the activities of the whole operation” simply because “the defendant is aware of the scope of the overall operation.” Campbell, 279 F.3d at 400. Rather, the government must prove— and the court must specifically find—that the defendant agreed to further the activities of the entire conspiracy. Id.
The majority correctly holds that the sentencing court has made sufficiently particularized findings on the second prong of the analysis—that is, that it was foreseeable to all members of the conspiracy that the enterprise would result in the purchase and distribution of at least 25.2 kilograms of crack cocaine. See United States v. Valentine, 694 F.3d 665, 673 (6th Cir. 2012); United States v. Valentine, 553 Fed.Appx. 591, 595 (6th Cir. 2014). However, the district court’s opinions in this case have been less specific regarding its factual findings on the scope of Johnny’s agreement to participate in the conspiracy.
The original sentencing court did not attempt to a make particularized finding about the scope of Johnny’s agreement because it sentenced Johnny before our decision in Campbell. However, the original sentencing court did specifically find that the record evidence was insufficient to support a supervisory role enhancement in light of Johnny’s relatively minor role in the conspiracy. While the sentencing judge stated that he was “confident that Defendant Johnny Valentine played an important role in the conspiracy,” he pointed to several facts supporting his conclusion that Johnny was not a leader of the conspiracy: Johnny did not negotiate or organize the terms of the drug buys that he consummated. He did not recruit others to participate in the conspiracy. He did not claim a larger share of the profits generated by the conspiracy. And, finally, he played no part in the strategic planning of the conspiracy. At best, the sentencing court’s findings about the scope of Johnny’s agreement to participate in the conspiracy were mixed—far short of the requirement of particularity established by this court in Campbell.
And while the judges who have decided Johnny’s successive petitions for a reduced sentence under § 3582 had the benefit of our decision in Campbell, they too failed to make sufficiently “particularized” findings about the scope of Johnny’s agreement. At various times the judges at those hearings described Johnny as “at least waist deep into this conspiracy, if not more,” “responsible for the full amount of the conspiracy,” “an integral member of the conspiracy,” and Jimmy Ray Valentine’s “right-hand man.” The judges also described or ratified descriptions of the conspiracy as “very tight-knit [and] family-based” and “in for a penny in for a pound.” However, these descriptions—and the evidence supporting them—were all bound up in the district court’s discussion of Campbell’s “reasonable foreseeability” prong; they were not the type of discrete and particularized findings that are necessary to justify imposing Johnny with sen- *242 fencing liability for the independent acts of his co-conspirators.
My opinion is motivated in large part by the unduly severe sentence imposed upon Johnny for his rank-and-file role in this conspiracy. This court’s decision in Campbell was the product of our concern with using the crime of conspiracy as a “dragnet” to expose co-conspirators to extreme and unfair terms of imprisonment on the basis of crimes that they did not themselves commit. Campbell, 279 F.3d at 400. This concern is especially salient in this case given the history of racially disproportionate sentencing in crack cocaine cases like this one.
Accordingly, I would vacate Johnny’s sentence and remand to the district court for particularized fact-finding regarding the scope of Johnny’s agreement to participate in the conspiracy.